MARK BRNOVICH
ATTORNEY GENERAL
(FIRM STATE BAR NO. 14000)

TANJA K. KELLY
ASSISTANT ATTORNEY GENERAL
CRIMINAL APPEALS SECTION
400 WEST CONGRESS, BLDG. S–315
TUCSON, ARIZONA 85701–1367
TELEPHONE: (520) 628–6520
TANJA.KELLY@AZAG.GOV
CADOCKET@AZAG.GOV
(STATE BAR NUMBER 25205)
ATTORNEYS FOR RESPONDENTS

## UNITED STATES DISTRICT COURT

### DISTRICT OF ARIZONA

| | |
|---|---|
| Reynard Gordon,<br><br>   Petitioner,<br><br>   -vs-<br><br>Charles L. Ryan, et al.,<br><br>   Respondents. | CV–18-00030-TUC-CKJ (JR)<br><br>**RESPONSE TO DEMAND TO PRODUCE DOCUMENTS.** |

Petitioner Reynard Gordon filed a demand for the production of documents seeking the following:

1. Bank records indicating that he stole $90,000 from the victim;
2. The identity of the sheriffs involved in a June 23, 2016 attempt to contact the victim and a copy of their report;
3. A copy of the sheriff's report describing that Gordon displayed a firearm;
4. A copy of any of his co-defendant's statements and her qualifications to make such statements;
5. The identity of the doctor who evaluated the victim and the doctor's "credentials" and gender of that doctor;
6. A copy of the search warrant executed on June 29, 2016 on the victim's residence;

1

      7. Bank records that demonstrate that he cashed checks against the victim's account;

      8. A copy of the power of attorney he possessed for the victim; and

      9. The identity of the government to which Gordon has stated that he is disassociated from.

(Dkt. 17.)  Gordon states only that he has the "right to review such documents" under the "rules of discovery."  (*Id.* at 2, 7.)

      All of the documents requested by Gordon relate to Respondents' recital of the case summary contained in the adult probation disposition sheet created to assist the state trial court judge in sentencing.  Respondents attached the adult probation disposition sheet that was the source of that information to their limited answer as Exhibit A.

      Respondents respectfully oppose Gordon's motion.  Respondents have already served Gordon with copies of every document they have filed in this Court.  To the extent Gordon is requesting copies of anything else, there "is no federal right, constitutional or otherwise, to discovery in habeas proceedings as a general matter."  *Campbell v. Blodgett*, 982 F.2d 1356, 1358 (9th Cir. 1993) (citing *Harris v. Nelson*, 394 U.S. 286, 296 (1969)); *see also Bracy v. Gramley*, 520 U.S. 899, 904 (1997) ("A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course."); *Bittaker v. Woodford*, 331 F.3d 715, 728 (9th Cir. 2003) ("Parties in habeas cases, unlike those in ordinary civil cases, have no right to discovery.").

      Although this Court "may, for good cause shown, authorize a party to conduct discovery under the Federal Rules of Civil Procedure, and may limit the extent of discovery," Rule 6(a), Rules Governing § 2254 Cases, habeas corpus review "was never meant to be a fishing expedition for habeas petitioners to 'explore their case in search of its existence.'"  *Rich v. Calderon*, 187 F.3d 1064, 1067 (9th Cir. 1999) (quoting *Calderon v. United States Dist. Ct. (Nicolaus)*, 98

F.3d 1102, 1106 (9th Cir. 1996)).  Habeas Rule 6(a) provides, in pertinent part:

> **(a) Leave of Court Required.**  A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery. If necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A.
>
> **(b) Requesting Discovery.**  A party requesting discovery must provide reasons for the request.  The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents.

Gordon has not stated any reason for his request and has not demonstrated good cause for the production of documents.  Nor is it apparent how the documents he requests are relevant to Respondents' argument the habeas petition should be stayed or dismissed without prejudice because all of Gordon's claims are unexhausted but not yet procedurally defaulted.

   In sum, Gordon has not demonstrated good cause or a need for additional documents in order to reply to Respondent's limited answer and this Court should deny his request for production of documents.

   RESPECTFULLY SUBMITTED this 16th day of August, 2018.

        Mark Brnovich
        Attorney General

        Joseph T. Maziarz
        Chief Counsel

        <u>/s/Tanja K. Kelly</u>
        Assistant Attorney General
        Attorneys for Respondents

| | |
|---|---|
| 1 | |
| 2 | I hereby certify that on August 16, 2018, I served the attached document by mail on the following, who are not registered participants of the ECF System. |
| 3 | |
| 4 | Petitioner, Pro Se<br>Reynard:Gordon # 324635<br>A.S.P.C. Graham Unit |
| 5 | 896 South Cook Road<br>Safford, Arizona 85546 |
| 6 | |
| 7 | |
| 8 | /s/L. Fielding |
| 9 | 7233851 |