1 **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Reynard Gordon,

      Petitioner,

vs.

Kenneth Bradshaw, *et al.*,

      Respondents.

No. CIV 18-030-TUC-CKJ (JR)

**ORDER**

On March 15, 2021, Magistrate Jacqueline Rateau issued a Report and Recommendation ("R & R") (Doc. 39) in which she recommended that the Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. 1) filed by Reynard Gordon ("Gordon") be dismissed. Gordon has filed an Objection (Doc. 40), Respondents have filed a Response (Doc. 41), and Gordon has filed a Notice of Rebuttal to Respondent's Document (Doc. 42).[1]

*Report and Recommendation*

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Further, under 28 U.S.C. § 636(b)(1), if a party makes a timely objection to a magistrate judge's recommendation, then

---

[1] Although Gordon did not obtain leave to file a reply as directed by the magistrate judge, R&R (Doc. 39, p. 11), the Court will accept and review the Notice of Rebuttal.

this Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." The statute does not "require [] some lesser review by [this Court] when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 149-50, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Rather, this Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Id*. at 149.

Moreover, under Fed.R.Civ.P. 72(b), a district court may adopt those parts of a magistrate judge's report to which no *specific objection* is made, provided they are not clearly erroneous. *Thomas v. Arn*, 474 U.S. 140, 151-153 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1119 (9th Cir. 2003).

*Objection to Report and Recommendation*

Bradshaw asserts he has provided the Court with *prima facie* proof of Private National Status and demands the Court show cause why he cannot proceed "this way." Bradshaw Obj. (Doc. 40, pp. 3-4). Bradshaw asserts his remedies are preserved in exclusive court of equity and there is no adequate remedy at law. Bradshaw also objects to specific factual statements made by the magistrate judge

*Private National Status and the Filing of a 28 U.S.C. § 2254 Petition*

Bradshaw asserts he has provided the Court with *prima facie* proof of Private National Status and demands the Court show cause why he cannot proceed "this way." Bradshaw Obj. (Doc. 40, pp. 3-4). Bradshaw asserts his remedies are preserved in exclusive court of equity and there is no adequate remedy at law. He sets forth a number of requests to show cause in support of this assertion. Additionally, Bradshaw asserts he should have filed a 28 U.S.C. § 2241 petition rather than the 28 U.S.C. § 2254 petition.

Bradshaw appears to be stating this Court does not have the authority to rule on his 28 U.S.C. § 2254 Petition and that he wishes to rescind his request for habeas relief because

it is not proceeding in equity.² Bradshaw bases these assertions on his status as a "Private National Citizen." However, Bradshaw initiated this action and he has not filed a Motion to Dismiss this action. Moreover, "[c]laims based on variations of 'sovereign citizen' have been dismissed as patently frivolous by the courts." *United States v. Lopez*, No. CR H-08-187, 2019 WL 1426344, at *2 (S.D. Tex. Mar. 29, 2019), *citations omitted*; *see also U.S. v. Studley*, 783 F.2d 934, 937 n. 3 (9th Cir. 1986) (noting that even in 1986, theories of immunity to taxation based upon sovereign citizenship had been "thoroughly rejected by every branch of the government for decades" and "such utterly meritless arguments" were "the basis for serious sanctions [to be] imposed on civil litigants who raise them"); *United States v. Skurdal*, 993 F.2d 886 at *1 (9th Cir. 1993), *unpublished* ("We reject as patently frivolous Skurdal's contentions that the district court improperly asserted personal jurisdiction over him because [] he is his own sovereign . . . ").

The Court, therefore, will consider the § 2254 claims and the R&R. Additionally, to the extent Bradshaw requests the review of his Petition be in equity, the Court will apply established habeas principles and precedent. *See e.g. Straley v. Universal Uranium & Milling Corp.*, 289 F.2d 370, 372–73 (9th Cir. 1961) (under Fed.R.Civ.P. 2 there is in the federal court but one form of action known as a civil action; "while legal and equitable remedies may be administered in the same forum and in the same action, the substantive distinction between law and equity has not been abolished"). Here, Petitioner does not raise any claim for which precedent allows for the equitable principles to be applied in habeas proceedings (*see e.g., Holland v. Fla.*, 560 U.S. 631, 645 (2010) (statutory limitations period in habeas action may be tolled for equitable reasons).

---

²Bradshaw states, "The at-law side of the Court can never hear anything the Petitioner has said nor can it recognize anything written and submit[ted]." Bradshaw Obj. (Doc. 40, p. 14).

*Objections to Factual Statements*

Bradshaw states:

> Bank records indicated approximately $90,000 worth of withdrawals. How is that even possible without at least one or two of the alphabet soup organizations not sounding the alarm? Clearly, Petitioner has to object to such open and bold face lies.

Bradshaw Obj. (Doc. 40, pp. 15-16), *citing* R&R (Doc. 39, p. 2). However, Bradshaw does not cite to any evidence in the record or provide any documentation to dispute the fact that "[b]ank records indicated approximately $90,000 worth of withdrawals." R&R (Doc. 39, p. 2). The Court will overrule this objection and will adopt the facts as summarized by the R&R.

*Objection to Determination that Ground One is Moot*

Bradshaw asserts the Clerk of the Cochise County Superior Court threw away his Notice and was making important documents disappear. He asserts this is why he has not exhausted his state remedies, stating: "How can Petitioner exhaust anything if the court will not file Petitioner's documents." Petition (Doc. 40, pp. 20-21). This appears to be an objection to the magistrate judge's conclusion that Ground One of the Petition is moot. The magistrate judge stated:

> In Ground One of the petition, Gordon contends that his due process rights were violated because the clerk of court refused to file his notice of appeal. Since the filing of the petition, the trial court granted Gordon's request to file a late notice of appeal and Gordon did so. Because the requested relief has been granted in state court proceedings, this issue is moot.

R&R (Doc. 39, p. 4), *citations omitted*. Gordon does not dispute that he was granted permission to file a late notice of appeal. The Court agrees with the magistrate judge that this issue is moot and will adopt this portion of the R&R.

. . . . .

. . . . .

- 4 -

*Objection as to Exhaustion*

Gordon asserts it was a mistake to use an attorney for his direct appeal.[3] As the magistrate judge points out that Gordon did not raise Grounds Two, Three, and Four on direct appeal, the Court accepts this assertion as an objection to the determination that these claims are not exhausted. However, the record indicates that Gordon was aware he could represent himself. Indeed, he chose to do so at the trial level. That he now contends he made a mistake in having the assistance of counsel on direct appeal, because he now regrets certain claims were not raised on appeal, does not alter the fact that these claims were not raised on appeal.

As stated by the magistrate judge:

> Because these three claims could have been raised on direct appeal, if Gordon were to now return to state court to attempt to litigate the federal grounds for these claims, they would be found to be waived and untimely under Rules 32.2(a)(3) and 32.4(a)(2) of the Arizona Rules of Criminal Procedure because they do not fall within an exception to preclusion. See Ariz. R. Crim. P. 32.2(b); 32.1(d)-(h). Grounds Two, Three, and Four are therefore technically exhausted but procedurally defaulted.

R&R (Doc. 39, p. 7). The Court agrees with the magistrate judge and will adopt this portion of the R&R.

*Objections Regarding Cause and Prejudice*

Gordon asserts no evidence has been introduced or placed in the record to contradict Bradshaw's proof as set forth in a non-rebutted affidavit. The government states it believes the affidavit Gordon is referring to is the document entitled "Amicus Curiae Affidavit For The Record Notice of Hale v. Hemrel[sic] Private National Status To The Respondent Demand For Show Cause From The Respondent" filed in this case at Doc. 36 ("Affidavit"). The Court agrees it appears this Affidavit is the document referred to by Gordon. The Court

---

[3] A review of the state court appellate decision indicates Gordon was represented by the Cochise County Office of the Legal Advocate on appeal. *See State v. Gordon*, No. 2 CA-CR 2018-0270, 2020 WL 1991355 (Ariz.App. Apr. 27, 2020).

- 5 -

| | |
|---|---|
| 1 | accepts Gordon's assertion as an objection to the magistrate judge's determination that |
| 2 | Gordon has not shown cause for his noncompliance with Ariz.R.Crim.P. 32 and actual |
| 3 | prejudice, or establish that a miscarriage of justice would result from the lack of evidence. |
| 4 | The magistrate judge stated: |

> Although given extensions of time to file a reply, and also having filed other pleadings (Docs. 36, 37, 38), Gordon did not file a reply and alleges no cause or prejudice in the Petition. Likewise, he does not argue actual innocence. He has therefore failed to establish cause or prejudice that would enable the Court to address the merits of Grounds Two, Three, and Four.

R&R (Doc. 39, p. 8). The Court agrees Gordon has not established cause and prejudice. While the Court also agrees with the magistrate judge that Gordon did not argue actual innocence in prior briefs, Gordon now asserts that fabricated evidence has been used and no evidence has been presented that is contrary to his assertions. Petition (Doc. 40, pp. 15 and 20). The Court accepts this as a claim of actual innocence.

However, Gordon's Affidavit is rebutted. The government responded to Gordon's arguments in prior briefs in this case. Further, the Affidavit does not include any facts to dispute the factual summary made by the magistrate judge or provide a basis for habeas relief. Rather, the Affidavit seeks to establish Gordon's status as a "private national citizen" rather than set forth valid claims for habeas relief or establish Gordon's actual innocence. Although Gordon asserts "the substance of the law was not broken[,]" Notice of Rebuttal (Doc. 42, p. 3), Gordon has not "affirmatively show[n] physical evidence that he . . . did not commit the crime with which he . . . is charged [or . . .] promulgat[ed] evidence that significantly undermines or impeaches the credibility of witnesses presented at trial, if all the evidence, including new evidence, makes it "'more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Gandarela v. Johnson*, 286 F.3d 1080, 1086 (9th Cir. 2002), *citation omitted*. The Court will overrule this objection and adopt this portion of the R&R.

. . . . .

*Objection as to Ground Four*

The magistrate judge stated that, "[t]o the extent Gordon's jurisdictional argument can be understood, it is patently frivolous." R&R (Doc. 39, p. 9). Gordon asserts what has been classified as frivolous is an attempt to make him "appear to be some-thing that he is not." Petition (Doc. 40, p. 23). However, Gordon's objection fails to recognize that the "courts across the country have uniformly rejected arguments based on the sovereign citizen ideology as frivolous, irrational, or unintelligible." *Mackey v. Bureau of Prisons*, No. 1:15-cv-1934-LJO-BAM, 2016 WL 3254037 at *1 (E.D. Cal. June 14, 2018), *internal quotations omitted*. Gordon's failure to recognize this body of law does not obviate this Court's obligation to follow precedent. *Hart v. Massanari*, 266 F.3d 1155, 1171-75 (9th Cir. 2001). The Court will overrule this objection and adopt this portion of the R&R.

*Dismissal of Habeas Relief*

The Court overrules Gordon's objections and adopts those portions of the R&R. Further, the Court adopt those parts of the R&R to which no *specific objection* is made as they are not clearly erroneous. *Thomas*, 474 U.S. at 151-153. After an independent review, the Court finds Gordon is not entitled to habeas relief and will dismiss the Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. The Court will deny Gordon's request for habeas relief.

*Certificate of Appealability ("COA")*

Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1). Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court

judgment. This Court must determine, therefore, if a COA shall issue.

The standard for issuing a COA is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *see also Robbins v. Carey*, 481 F.3d 1143,1146-47 (9th Cir. 2007) (failure to object to magistrate judge's conclusions does not automatically waive appellate challenge) In the certificate, the Court must indicate which specific issues satisfy the showing. *See* 28 U.S.C. § 2253(c)(3).

The Court finds that jurists of reason would not find it debatable whether the Petition stated a valid claim of the denial of a constitutional right and the Court finds that jurists of reason would not find it debatable whether the district court was correct in its procedural ruling. A COA shall not issue as to Gordon's claims.

Any further request for a COA must be addressed to the Court of Appeals. *See* Fed. R.App. P. 22(b); Ninth Circuit R. 22-1.

Accordingly, IT IS ORDERED:

1. The Report and Recommendation (Doc. 39) is ADOPTED;

2. Gordon's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. 1) is DISMISSED WITH PREJUDICE;

3. The Clerk of the Court shall enter judgment and shall then close its file in this matter, and;

4. A Certificate of Appealability shall not issue in this case.

DATED this 9th day of July, 2021.

_____
Cindy K. Jorgenson
United States District Judge